Bovis Lend Lease (LMB), Inc. v Lower Manhattan Dev. Corp. (2019 NY Slip Op 04098)





Bovis Lend Lease (LMB), Inc. v Lower Manhattan Dev. Corp.


2019 NY Slip Op 04098


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9429 603243/09

[*1]Bovis Lend Lease (LMB), Inc., Plaintiff,
v
Lower Manhattan Development Corporation, Defendant.
Bovis Lend Lease (LMB), Inc., Third-Party Plaintiff-Appellant,
v
Arch Insurance Company, Third-Party Defendant-Respondent.


Eversheds Sutherland (US) LLP, New York (Lawrence A. Dany III of counsel), for appellant.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho (Kevin M. Gary of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 18, 2018, which construed third-party defendant Arch Insurance Company's (Arch) pre-trial "preliminary motion in limine" a "motion for clarification," and granted the motion "only to the extent that [Bovis's] damages on its remaining claim against Arch for breach of the Bonds, on which it was granted summary judgment on liability, shall exclude all damages that would have been recoverable under the Companion Agreement, namely excess abatement costs and damages for claims resolved in the LMDC settlement," unanimously modified, on the law, to vacate the portion of the order permitting the parties to raise at trial whether third-party plaintiff Bovis Lend Lease (LMB), Inc.'s (Bovis) negligence limited its recovery, and otherwise affirmed, without costs.
The court properly limited the damages that Bovis may recover on its third-party claim for breach of the bonds as set forth in the order appealed from. The plain language of the Supplemental Agreement and Companion Agreement support the court's conclusion that the Companion Agreement was a "settlement" that resolved the dispute regarding Arch's liability for abatement costs above the initial $35 million adjusted price in the abatement subcontract. Nothing in the agreements supports Bovis's claim that the Companion Agreement was an "interim funding mechanism for pre-fire regulatory issues which caused cost overruns at the Project." Further, our prior decision dismissing all claims under the Companion Agreement did not implicate only the $28.3 million that Lower Manhattan Development Corporation had advanced to Bovis (see 153 AD3d 432 [1st Dept 2017]). Nothing in the Supplemental Agreement limited litigation commenced thereunder to disputes regarding monies advanced. Rather, the Supplemental Agreement broadly contemplates litigation for all contested excess abatement costs.
In light of the foregoing, we reject Bovis's request for partial summary judgment in the amount of $44,185,987.31.
However, we grant Bovis's request to vacate the portion of the order holding that "triable issues of fact regarding whether Bovis's own alleged negligence limits its recovery." Tort principles cannot apply to contract claims (see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d 685, 688-689 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK